**FILED**
**Feb 16, 2021**
**09:29 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **DENNY WOODARD,** | ) | **Docket No.  2018-06-2162** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 69647-2018** |
| | ) | |
| **FREEMAN EXPOSITIONS, LLC,** | ) | |
| **Employer.** | ) | **Judge Joshua D. Baker** |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on February 3, 2021, to consider Mr. Woodard's request for temporary partial disability benefits.  Because he violated a workplace policy that prevented Freeman from offering light-duty, the Court denies his request.

### Claim History

Mr. Woodard, a union member, injured his left leg and right wrist while working for Freeman.[1]  Although Freeman initially provided authorized treatment, including wrist surgery with Dr. Samuel Crosby, it eventually denied his claim, after a failed drug test and alleged misconduct.

Shortly after Freeman's denial, Dr. Crosby released Mr. Woodard to return to work with a lifting restriction on October 23, 2018, but Freeman did not offer him work.  A year later, the Court ordered treatment and temporary total disability benefits from the date of injury until October 23, 2018, a six-week period.[2]

---

[1] Freeman employs union members under a collective bargaining agreement.

[2] The Court mistakenly ordered payment for fifteen weeks rather than six weeks, so Mr. Woodard received $3,288.15 in temporary-total disability benefits instead of the $1,315.26 he was owed.  Freeman appealed the Court's order from the first expedited hearing but did not appeal the amount of benefits awarded.

Soon after that order, Mr. Woodard returned to Dr. Crosby for authorized treatment of his right wrist. An MRI revealed a "TFCC tear." Dr. Crosby explained the tear likely went undetected because Mr. Woodard's wrist fracture had been a "distracting injury." During treatment of the TFCC tear, Dr. Crosby imposed minor lifting restrictions that did not prohibit Mr. Woodard from working.

At issue is Mr. Woodard's entitlement to accrued temporary partial disability benefits from October 24, 2018, to the present, and ongoing benefits. Freeman disputes that it owes Mr. Woodard these benefits. It argued his failed drug test, while not disqualifying from receiving workers' compensation benefits, did disqualify him from working under the collective bargaining agreement, which required him to undergo drug rehabilitation before he could return to work.

In a written declaration, Michael Malzone, Freeman's vice-president, explained that light duty was available "had Mr. Woodard not violated the Freeman Drug-Free Workplace and the Collective Bargaining Agreement between Freeman and Mr. Woodard's union." Similarly, Greg Barbour, president of the union, testified that Freeman will not permit a worker who fails a drug test to return to work unless the worker completes drug rehab. Mr. Woodard testified drug rehab is unnecessary because he does not have a drug problem and it's unaffordable.

## Findings of Fact and Conclusions of Law

To succeed at an expedited hearing, Mr. Woodard must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020).

Because Freeman is providing medical treatment, the only dispute is whether Mr. Woodard is entitled to temporary partial disability benefits after October 24, 2018, when Dr. Crosby released him to work with restrictions.

Mr. Woodard seeks temporary partial disability because his disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). "Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.,* No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005). Where the treating physician has released the injured worker to return to work with restrictions before maximum medical improvement and the employer cannot return the employee to work within the restrictions, the injured worker may be eligible for temporary-partial disability. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Dec. 11, 2015).

2

Here, Dr. Crosby did not testify that Mr. Woodard is totally disabled from working because of his injury. Rather, he imposed lifting restrictions, which shows that Mr. Woodard is only partially disabled from working.

However, even when an employee has a compensable injury and restrictions, the employer is entitled to enforce workplace rules. *Jones,* at \*8. A violation of a workplace rule may relieve an employer of its obligation to pay temporary disability benefits if an injured worker was terminated for a workplace violation. *Id.* In a case presenting this issue, courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." *Id* at \*9. An employer will not be penalized for enforcing its policy, where "the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations" and "those actions were, as a factual matter, the true motivation for dismissal." *Id.*

As proven by Mr. Malzone's declaration, Freeman follows the collective bargaining agreement and enforces the policy that does not allow a worker who failed a drug test to return to work before completing drug rehabilitation. Mr. Woodard failed a drug test and is disinterested in drug rehabilitation, so he is not permitted to work at Freeman. Expecting an employee to attend work sober and free of influence from a controlled or illicit substance is a reasonable and ordinary workplace rule that Freeman cannot be penalized for enforcing. Enforcement of it and the union's policy is the true motivation for refusing to allow Mr. Woodard to work. His violation qualifies as misconduct under ordinary, established workplace expectations.

It is **ORDERED** as follows:

1. Mr. Woodard's request for ongoing temporary disability benefits from October 24, 2018, is denied.

2. The Court's January 15, 2020 order is modified to award temporary disability benefits for $1,315.26 rather than $3,288.15. Freeman is entitled to a credit of $1,972.89.

3. This case is set for a status conference on **Monday, April 12, 2021, at 9:00 a.m. (CDT). You must call 615-741-2113 to participate. Failure to call might result in a determination of issues without your further participation.**

**ENTERED February 16, 2021.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

3

## APPENDIX

Exhibits:

1. Cumulative exhibit of 18 exhibits from the first Expedited Hearing
2. Deposition of Dr. Samuel Crosby, including exhibits
3. X-ray image, Exhibit 7 from Dr. Crosby's deposition
4. Declaration of Mr. Michael Malzone
5. Mr. Woodard's unemployment records
6. Sedgwick's payment printout

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Request for Admissions Responses

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on February 16, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Denty Cheatham, Employee's Attorney | X | | X | Cheatham, Palermo, & Garrett 43 Music Square West Nashville, TN 37203 dcheatham.cpg@gmail.com |
| Daniel Todd, Employer's Attorney | | | X | dan@dantoddlaw.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on _____

issued by Judge _____ .

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*